# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1410V

| | |
|---|---|
| GARY GARNER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 2, 2025 |

*John P. Valente, III, The Valente Law Group, Crofton, MD, for Petitioner.*

*Lynn Christina Schlie, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION DISMISSING CLAIM[1]

On September 30, 2022, Gary Garner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain Barré syndrome ("GBS") after receipt of an influenza ("flu") vaccine administered on October 3, 2019 – a Table injury.

A telephonic status conference was held in this matter on July 12, 2023, to provide Petitioner with my preliminary views about the claim. At that time, I noted that the existing records indicates that Petitioner's first symptoms appeared *outside* the 42-day time period set forth in the Vaccine Injury Table for presumed causation. Onset of Petitioner's GBS likely occurred in January of 2020 at the earliest, and possibly as late as August 2020.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Ex. 2 at 30, Ex. 4 at 7-19, 71-76. This put onset of Petitioner's illness at over ninety days from vaccination, well beyond the *longest time* accepted for even non-Table claims of flu vaccine-caused GBS. *See, e.g.*, *Williams v. Sec'y of Health & Human Servs.*, No. 19-1177V, 2021 WL 815921, at *5 (Fed. Cl. Jan. 19, 2021) (finding over 100 days is not a reasonable timeframe for onset of a flu vaccine/GBS injury); *Barone v. Sec'y of Health & Human Servs.*, No. 11-707V, 2014 WL 6834557, at *13 (Fed. Cl. Spec. Mstr. Nov. 12, 2014) (noting that some special masters deemed eight weeks (56 days) the longest reasonable timeframe for a flu vaccine/GBS injury).

Thus, it did not appear that Petitioner's claim could succeed, unless evidence more supportive of a medically acceptable onset timeframe could be provided. I accordingly directed Petitioner to respond to a show cause order by September 12, 2023, why this claim should not be dismissed. I also cautioned that failure to respond would be interpreted as an inability to provide supporting documentation for this claim or as a failure to prosecute and the petition would be dismissed. ECF No. 16.

Petitioner has never responded to this order. But it is a petitioner's obligation to follow and respond to orders issued by a special master in a case, or risk the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's .... deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order ..., would result in dismissal of the claim."); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my Order to Show Cause that failure to follow orders issued in this matter could result in dismissal of the claim. Because Petitioner has not provided a response, justification, or an explanation, and because the existing record does not support a Table onset (or even an onset that would be deemed medically acceptable for a non-Table version of the claim), dismissal is now appropriate.

Accordingly, this case is DISMISSED for failure to prosecute. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.